IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MASHIACH C. LASSITER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-1307-O-BP |
| | § | |
| CLERK OF COURT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On November 18, 2025, *pro se* Plaintiff Mashiach C. Lassiter filed a civil complaint, and this case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 2. He also filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 6.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Mashiach C. Lassiter is the plaintiff. He names the Clerk of Court for the 325th District Court, Tarrant County, Texas; Tarrant County, Texas; and the State of Texas as defendants.

C.   LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and

1

administrative fees or be granted permission to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. When Plaintiff filed his complaint, he did not pay the requisite fees or file an IFP application. On November 24, the Court ordered Plaintiff to cure this deficiency by December 8, by either paying $405 to the clerk of Court or filing a complete long-form IFP application. ECF No. 4. The Court provided Plaintiff a copy of the IFP application form necessary to comply and warned him that failure to do so could result in dismissal of this case without further notice for failure to prosecute. *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

The deadline for Plaintiff to comply with the Court's order expired. To date, Plaintiff has not complied or sought an extension of time to do so. Instead, Plaintiff filed a short-form IFP application, which does not elicit all of the financial information that is necessary for the Court to review when determining a party's pauper status. ECF No. 6. Plaintiff also filed a motion that the clerk of Court construed as a notice of interlocutory appeal. ECF No. 7. However, it is unclear what Plaintiff seeks to appeal, as he claims the Northern District of Texas failed to "provide ADA-required resulting in inability to access filing systems and missed notices." *Id.* To the extent Plaintiff intends to appeal the Court's November 24 order and notice of deficiency—the only order entered thus far—the Court finds his appeal is frivolous because it attacks a nonappealable, interlocutory pretrial order, which does not divest the district court of jurisdiction over this case. *See BancPass, Inc. v. Highway Toll Admin., LLC*, 863 F.3d 391, 397 (5th Cir. 2017); *see also*

*Propes v. Dretke*, 130 F. App'x 654, 655 (5th Cir. 2005) (citations omitted) (explaining over what types of interlocutory appeals of district court pretrial orders the court of appeals has jurisdiction to review). Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with the Court's order and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

The undersigned therefore **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** Plaintiff's Complaint for lack of prosecution and for failure to obey court orders, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on December 16, 2025.

                                                                                             _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4